## TRIEBER VS. COMMERCIAL BANK OF ST. LOUIS.

1. PROMISSORY NOTE: *Rights of endorsee before maturity, without notice, etc.*
A promissory note was executed on Sunday, but bore date the following day, and was endorsed before maturity, for value; *Held*, that the endorsee was not affected by the original invalidity of the instrument.
2. ASSIGNMENT: *Presumption as to date, under the statute, overcome by evidence.*
The statue provision that blank assignments shall be taken as of a date most to the advantage of the defendant, only applies in the absence of evidence as to the date of the assignment.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer*, for appellant.

*Hornor*, for appellee.

ENGLISH, CH. J.:

This case was determined in the Circuit Court of Phillips County, on appeal from the judgment of a justice of the peace.

The suit was brought by the Commercial Bank of St. Louis against David Trieber, as acceptor of a bill drawn by D. White upon him in favor of N. Hofhiemer & Co., and by them endorsed in blank. The bill was dated 24th November, 1873, payable three months after date, accepted by Trieber and protested at maturity for non-payment.

The defense of Trieber was that the bill was drawn and accepted on Sunday.

In the Circuit Court the cause was submitted to the court sitting as a jury, and the court found the facts to be, that the bill was executed on Sunday, though dated on Monday, 24th November; that it was, by the endorsement of the payees, transferred and delivered to the plaintiff, before maturity, for a valuable consideration, and that it had no notice of any defect in the bill.

The court declared the law to be—

" *First*—That the right of a holder of negotiable paper, acquired before due, for a valuable consideration, to recover against the acceptor is not affected by the acts of a prior party in the absence of actual notice, without proof of bad faith on the part of the holder.

" *Second*—A *bona fide* holder of a negotiable instrument for a valuable consideration, without notice of facts which impeach its validity between the original parties, if he takes it under an endorsement made before the same becomes due, holds the title unaffected by these facts, and may recover thereon, although, as between the antecedent parties, the transaction may be without any legal validity."

Finding and judgment for plaintiff, motion for new trial overruled, bill of exceptions and appeal to this court by Trieber.

*First*—The counsel for appellant makes no objection in his brief to the declarations of law made by the court below, and, upon the facts as found by the court, they are no doubt substantially correct. The bill was fair on its face, bearing date on a work day, and the appellee, having taken it before maturity, without notice that it was executed on Sunday, it was valid in his hands. Edwards on Bills, p. 312, marg.; *Nelson* v. *Cowing*, 20 Wend., 336; Gantt's Digest, sec. 566; *Clendenin* v. *Sutherland, ante.*

*Second*—But it is insisted for appellant that the payees of the bill, having endorsed it in blank, the endorsement must be taken to have been made on such day as will be most to the advantage of appellant, and that the court erred in finding contrary to this legal presumption, citing Gantt's Digest, sec. 570, and *Ruddell, ex'r,* v. *Sanders,* 25 Ark., 239.

In *Clendenin* v. *Sutherland, ante.,* the section of the Digest that " All blank assignments shall be taken to have been made on such day as shall be most to the advantage of the defendant," was construed.

The court held that " the statute merely changed a former rule of presumption, which was, that law, in the absence of any evidence on the subject, presumes a transfer to have been made before the bill or note was due; that the meaning of the statute manifestly is, that in the absence of evidence to prove when the blank assignment was, in fact, made, the presumption must be that it was made on such day as shall be most to the advantage of the defendant."

In this case the court found the fact to be that the bill was endorsed and delivered to appellee before maturity, and this finding, from the evidence, overcomes the statutory presumption.

The bill was endorsed in blank by the payees, and by the cashier of the bank (appellee), endorsed to Nelson & Hanks for collection on account of the bank, who held it at maturity, and in whose names it was presented for payment and protested for non-payment, as shown by the notarial certificate.

The judgment of the court below must be affirmed.